```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
RICHARD SHEBAIRO,                        :
                                         :
                    Plaintiff,           :  14 Civ. 8485 (VSB)
                                         :
           -against-                     :  AMENDED COMPLAINT AND
                                         :  JURY DEMAND
THE CITY OF NEW YORK,                    :
THE NEW YORK CITY POLICE DEPARTMENT,     :
NEW YORK CITY POLICE OFFICERS            :
MARQUIS CROSS, AMARIUS SANTANA,          :
and JOHN DOES I and II,                  :
                                         :
                    Defendants.          :
----------------------------------------X
```

Plaintiff Richard Shebairo, by his attorneys ROTHMAN, SCHNEIDER, SOLOWAY & STERN, LLP, alleges as follows:

PRELIMINARY STATEMENT

1. This is an action for damages against employees of the New York City Police Department ("NYPD") who violated the civil and constitutional rights of the Plaintiff by falsely arresting and imprisoning him at approximately 9:00 a.m. on the morning of December 4, 2013; against the NYPD for its failure to take corrective action and to implement meaningful procedures to prevent excessive conduct by police officers against citizens; and against the CITY OF NEW YORK, which is sued as a person pursuant to 42 U.S.C. § 1983.

1

## JURISDICTION AND VENUE

2. Plaintiff institutes these proceedings and invokes the jurisdiction of this Court, pursuant to 28 U.S.C. § 1343, to obtain costs of suit, including reasonable attorney's fees, and to recover damages suffered by Plaintiff and caused by Defendants' violation of Plaintiff's rights as guaranteed by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States, and by federal statutory law, particularly 42 U.S.C. § 1983.

3. This Court also has jurisdiction pursuant to 28 U.S.C. § 1331 because this case arises under the Fourth, Fifth, Eighth, and Fourteenth Amendments of the Constitution of the United States.

4. The violation of Plaintiff's rights alleged herein occurred within the City, County, and State of New York.

## PARTIES

5. Plaintiff RICHARD SHEBAIRO is a citizen of the United States of America and was at all times relevant herein an individual residing in the State of New York, with his residence address located at 1 Washington Square, Apartment 2A, Larchmont, New York, 10538.

6. Police Officers MARQUIS CROSS, AMARIUS SANTANA, and JOHN DOES I and II are police officers employed by the NYPD and at all relevant times herein were acting in the capacity of

agents, servants, and employees of the Defendant CITY OF NEW YORK. They are each sued individually and in their official capacities.

7. Defendant CITY OF NEW YORK is a municipal corporation organized and existing pursuant to and by virtue of the laws of the State of New York.

8. At all times relevant herein, Defendants CROSS, SANTANA, JOHN DOES I and II, and their agents, assistants, and employees acted pursuant to the policies, regulations or decisions officially adopted or promulgated by agents of the NYPD, whose acts may fairly be said to represent official policy or governmental custom of the NYPD and the CITY OF NEW YORK.

FACTUAL ALLEGATIONS

9. On or about December 4, 2013, at 9:00 a.m., Plaintiff was inside a subway car approaching the Brooklyn Bridge/City Hall stop in Manhattan. While sitting in his seat on the subway Plaintiff was approached by DefendantS CROSS and SANTANA, both of whom are and were members of the NYPD.

10. Without cause, Defendants CROSS and SANTANA questioned, seized, and then arrested Plaintiff.

11. Defendants CROSS and SANTANA, falsely charged Plaintiff with criminal conduct. Specifically, Defendants CROSS and SANTANA stated that Plaintiff had been observed pushing his groin against the backside of a woman on the subway.

12. The allegation of criminal activity on Plaintiff's part was untrue and was completely unfounded. Plaintiff had not previously committed any crime or infraction, was not committing any crime or infraction, and was not in possession of any contraband at the time he was approached, questioned, and unlawfully seized by Defendants CROSS and SANTANA.

13. After seizing Plaintiff, Defendants CROSS and SANTANA took Plaintiff to the police precinct in the subway station at 14th Street/Union Square, where Plaintiff was fingerprinted, searched, and held for several hours by Defendants CROSS, SANTANA, and JOHN DOES I and II.

14. Plaintiff was then taken to central booking, where he was placed in a cell and held for approximately five and one-half hours before he was arraigned before a criminal court judge.

15. Plaintiff was formally charged with one count of Forcible Touching, in violation of New York Penal Law (P.L.) § 130.52, and one count of Sexual Abuse in the Third Degree, in violation of P.L. § 130.55.

16. Upon arraignment, Plaintiff was released from detention on his own recognizance.

17. On February 14, 2014, the criminal charges against Plaintiff were dismissed and sealed, pursuant to Section 160.50

of the New York Criminal Procedure Law. The case against Plaintiff was dismissed on motion of the prosecution.

18. As a direct and proximate result of the acts of the Defendants, Plaintiff has suffered and will continue to suffer from loss of liberty, embarrassment, mental suffering, and emotional anguish.

19. Upon information and belief, Defendants CROSS, SANTANA, and JOHN DOES I and II fabricated allegations of criminal misconduct against Plaintiff. Specifically, Defendants CROSS, SANTANA, and JOHN DOES I and II, and other members of the NYPD falsely alleged that Plaintiff had committed the crimes of Forcible Touching and Sexual Abuse in the Third Degree.

20. As a result of these fabricated allegations and omissions, Plaintiff was wrongfully arrested, incarcerated, and held in police custody for approximately ten hours, falsely charged with a crime, and forced to defend himself in Criminal Court.

21. Plaintiff, who resides in the Village of Larchmont, in Westchester County, was also forced to hire legal counsel to defend himself in criminal court and, as a result of the criminal case against him, was forced to miss several days of work in order to meet with his attorneys and to attend court dates in Manhattan.

22. Plaintiff was also forced to obtain treatment and counseling as a result of the mental suffering and emotional anguish caused by the acts of the Defendants.

## FEDERAL CAUSES OF ACTION

23. Plaintiff incorporates by reference all of the allegations set forth in each preceding paragraph as if fully set forth at length herein.

24. The above described actions and omissions, engaged in under color of state authority by the Defendants, including Defendant CITY OF NEW YORK, deprived Plaintiff of rights secured to him by the Constitution of the United States, including, but not limited to, his Fourth Amendment right to bodily integrity and to be free from unlawful seizure of his person.

## PENDENT CAUSE OF ACTION FOR FALSE ARREST

25. Plaintiff incorporates by reference all of the allegations set forth in each preceding paragraph as if fully set forth at length herein.

26. Heretofore, on or about March 5, 2014, Plaintiff caused a written and duly verified Notice of Claim to be filed with the proper agents of the City of New York in accordance with the provisions of the General Municipal Law of the State of New York. Plaintiff's claim has not been adjusted or otherwise disposed of since that time.

27. Defendants CROSS, SANTANA, and JOHN DOES I and II subjected Plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

28. As a result of Plaintiff's false arrest, imprisonment, and deprivation of liberty, Plaintiff was damaged in the sum of One Million ($1,000,000.00) Dollars.

<u>PENDENT CAUSE OF ACTION FOR MALICIOUS PROSECUTION</u>

29. Plaintiff incorporates by reference all of the allegations set forth in each preceding paragraph as if fully set forth at length herein.

30. Heretofore, on or about May 4, 2014, Plaintiff caused a written and duly verified Notice of Claim to be filed with the proper agents of the City of New York in accordance with the provisions of the General Municipal Law of the State of New York. Plaintiff's claim has not been adjusted or otherwise disposed of since that time.

31. The aforesaid seizure and arrest of Plaintiff on December 4, 2013 was the result of the maliciously false and perjurious information given to the office of the District Attorney for New York County by Defendants CROSS, SANTANA, and JOHN DOES I and II with the intent to cause Plaintiff to be charged with criminal conduct under the laws of New York State.

32. In reliance upon the false information contained in the complaint prepared by Defendant CROSS, and by reason of the

withholding by the Defendants of the true facts relating to Plaintiff's innocence, Defendant NYPD and Defendants CROSS, SANTANA, and JOHN DOES I and II caused Plaintiff to be prosecuted by the District Attorney's Office.

33. By reason of the aforesaid arrest and malicious prosecution, Plaintiff has been injured and has suffered and continues to suffer great mental distress. Plaintiff has also incurred legal costs and costs associated with medical and psychological treatment. By reason of the foregoing, Plaintiff has been damaged by the defendants' acts and conduct in the sum of one million ($1,000,000) dollars.

CAUSES OF ACTION AGAINST MUNICIPALITY AND DEFENDANT NYPD

34. Plaintiff incorporates by reference all of the allegations set forth in each preceding paragraph as if fully set forth at length herein.

35. Defendants CITY OF NEW YORK and the NYPD knew or should have known of the propensity of Defendants CROSS, SANTANA and JOHN DOES I and II to engage in the illegal and wrongful acts detailed above and/or as a matter of policy and practice, have with deliberate indifference, failed to take steps to uncover and/or correct such conduct. Upon information and belief, Defendants CITY OF NEW YORK and the NYPD had prior notice of the dishonest propensities of Defendants CROSS, SANTANA, and JOHN DOES I and II, but took no adequate steps to

train them, correct their abuse of authority, or to discourage their unlawful use of authority.

36. Acting under color of law, by and through the policy-makers of the CITY OF NEW YORK, and pursuant to official policy or custom and practice, Defendants CITY OF NEW YORK and the NYPD intentionally, knowingly, recklessly, or with deliberate indifference to the rights of the inhabitants of the CITY OF NEW YORK, failed to effectively screen, hire, train, instruct, supervise, control and discipline, on a continuing basis, their police officers, including Defendants CROSS, SANTANA, and JOHN DOES I and II, for their unlawful propensities, including fabricating criminal charges and falsely swearing to criminal complaints against citizens for the purpose of shielding themselves against criminal and/or civil liability for violations of civil rights; and for their failure to protect citizens from unconstitutional conduct of other police officers, thereby permitting and allowing Defendants CROSS, SANTANA, and JOHN DOES I and II to be in a position to cause Plaintiff injury and violate Plaintiff's federal and state constitutional rights, and/or to permit these actions to take place without Plaintiff's knowledge or consent.

37. Defendants CITY OF NEW YORK and the NYPD had knowledge, or should have had knowledge, that the wrongs heretofore alleged, or other unlawful or unconstitutional acts,

were going to be committed by its employees and agents. Defendants CITY OF NEW YORK and the NYPD had the power, authority and duty to prevent or aid in preventing the commission of said wrongs, could have done so, and intentionally, knowingly, recklessly or with deliberate indifference to the rights of the inhabitants of the CITY OF NEW YORK, failed to do so.

38. On information and belief, Defendants CITY OF NEW YORK and the NYPD maintained an inadequate structure for risk containment and stress management relative to its police officers, and failed to create proper means of containing such risk and managing such stress. On information and belief, such structure was deficient at the time of selection of police officers, and thereafter during their employment, in its ability to evaluate and exchange information within the command structure about the performance of individual police officers; in its training of supervisory personnel to effectively and adequately evaluate performance of an officer; and in its ability to otherwise put the command structure on notice that an individual or individuals were at significant levels of risk to the public at large or to specific segments thereof. The effect of this was to permit police officers of the NYPD to function at levels of significant and substantial risk to the public in general.

39. As a result of the foregoing conscious policies, practices, customs and/or usages, Defendants CITY OF NEW YORK and the NYPD have permitted and allowed the employment and retention of individuals as police officers whose individual circumstances place the public or segments thereof at substantial risk of being the victims of improper behavior. Such policies, practices, customs and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the Plaintiff's injuries.

40. As a result of the foregoing, Plaintiff was deprived of liberty, sustained emotional injuries, was subject to great humiliation, and was otherwise harmed, damaged and injured.

NEGLIGENT HIRING, SCREENING,
<u>RETENTION SUPERVISION AND TRAINING</u>

41. Plaintiff incorporates by reference all of the allegations set forth in each preceding paragraph as if fully set forth at length herein.

42. Defendants CITY OF NEW YORK and the NYPD negligently hired, screened, retained, supervised and trained Defendants CROSS, SANTANA, and JOHN DOES I and II. The acts and conduct of Defendants CROSS, SANTANA, and JOHN DOES I and II were the direct and proximate cause of damage to Plaintiff, and violated Plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York. As Defendant

CITY OF NEW YORK is the employer of Defendants CROSS, SANTANA, and JOHN DOES I and II, Defendant CITY OF NEW YORK is liable to Plaintiff for negligent hiring, screening, retention, supervision and training.

43. As a result of the foregoing, Plaintiff was deprived of liberty, was subject to great humiliation, and was otherwise harmed, damaged, and injured, all to his damage in the amount of One Million ($1,000,000.00) Dollars.

## PUNITIVE DAMAGES CLAIM

44. As a result of the extreme, wanton, and outrageous nature of the conduct of Defendants CROSS, SANTANA, and JOHN DOES I and II in, among other things, arresting Plaintiff without cause or reason; reporting false criminal charges; and knowingly and willfully arresting Plaintiff without legal cause, Plaintiff is entitled to punitive damages in the amount of Three Million ($3,000,000.00) Dollars.

## RESPONDEAT SUPERIOR LIABILITY

45. Plaintiff incorporates by reference all of the allegations set forth in each preceding paragraph as if fully set forth at length herein.

46. At all times relevant herein, Defendants CROSS, SANTANA, and JOHN DOES I and II were acting within the scope of their employment as officers and agents of the NYPD and the CITY OF NEW YORK.

47. Defendant CITY OF NEW YORK is liable for compensatory and exemplary damages under the doctrine of *respondeat superior* or is liable to indemnify the individual defendants pursuant to provisions of the General Municipal Law for the tortious and unlawful acts of Defendants CROSS, SANTANA, and JOHN DOES I and II committed within the scope of their employment.

WHEREFORE, Plaintiff demands judgment against the defendants, jointly and severally, as follows:

A.   In favor of Plaintiff in the amount of One Million ($1,000,000.00) Dollars as compensatory damages for each of Plaintiff's Pendent Causes of Action, and for appropriate damages on Plaintiff's federal claims;

B.   Awarding Plaintiff punitive damages against Defendants CROSS and JOHN DOES I - III in the amount of Three Million ($3,000,000.00) Dollars;

C.   Awarding Plaintiff the reasonable attorney's fees, interest, costs and disbursements of this action; and

D.   Granting such other and further relief as this court deems just and proper.

<u>JURY DEMAND</u>

Plaintiff demands a trial by jury.

Dated:    New York, New York
          May 19, 2015

                                   _____
                                   Jeremy Schneider
                                   Lucas Anderson
                                   ROTHMAN, SCHNEIDER, SOLOWAY
                                       & STERN, LLP
                                   Attorneys for PLAINTIFF
                                   RICHARD SHEBAIRO
                                   100 Lafayette Street, Ste. 501
                                   New York, New York 10013